| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS** | |
| Case number (if known): _____   Chapter __11__ | ☐ Check if this is an amended filing |

## Official Form 201

### Voluntary Petition for Non-Individuals Filing for Bankruptcy          12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available.

**1. Debtor's name**  
Sneed Shipbuilding, Inc.

**2. All other names debtor used in the last 8 years**  
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  
7 6 - 0 2 9 2 5 0 2

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **17112 Market Street**<br>Number   Street | **17112 Market Street**<br>Number   Street |
| | P.O. Box |
| **Channelview**   **TX**   **77530**<br>City   State   ZIP Code | **Channelview**   **TX**   **77530**<br>City   State   ZIP Code |
| **Harris**<br>County | Location of principal assets, if different from principal place of business |
| | Number   Street |
| | City   State   ZIP Code |

**5. Debtor's website (URL)**   www.sneedshipbuilding.com

**6. Type of debtor**  
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

Debtor **Sneed Shipbuilding, Inc.** _____   Case number (if known) _____

7. **Describe debtor's business**

   A. Check one:
   - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ☑ None of the above

   B. Check all that apply:
   - ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/

   ____  ____  ____  ____

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   Check one:
   - ☐ Chapter 7
   - ☐ Chapter 9
   - ☑ Chapter 11. Check all that apply:
     - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ A plan is being filed with this petition.
     - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy Under Chapter 11 (Official Form 201A) with this form.
     - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   - ☑ No
   - ☐ Yes. District _____ When _____ Case number _____
                                    MM / DD / YYYY
     District _____ When _____ Case number _____
                                    MM / DD / YYYY
     District _____ When _____ Case number _____
                                    MM / DD / YYYY

Debtor **Sneed Shipbuilding, Inc.** _____   Case number (if known) _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☑ No
    ☐ Yes.   Debtor _____  Relationship _____
             District _____  When _____
                                                    MM / DD / YYYY
             Case number, if known _____

             Debtor _____  Relationship _____
             District _____  When _____
                                                    MM / DD / YYYY
             Case number, if known _____

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?**   *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?**   _____
                                  Number   Street
                                  _____
                                  _____
                                  City                State   ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes.   Insurance agency _____
             Contact name _____
             Phone _____

### Statistical and adminstrative information

13. **Debtor's estimation of available funds**

    *Check one:*
    ☑ Funds will be available for distribution to unsecured creditors.
    ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

Debtor __Sneed Shipbuilding, Inc.__                                              Case number (if known) _____

14. **Estimated number of creditors**
    - ☐ 1-49
    - ☐ 50-99
    - ☑ 100-199
    - ☐ 200-999
    - ☐ 1,000-5,000
    - ☐ 5,001-10,000
    - ☐ 10,001-25,000
    - ☐ 25,001-50,000
    - ☐ 50,001-100,000
    - ☐ More than 100,000

15. **Estimated assets**
    - ☐ $0-$50,000
    - ☐ $50,001-$100,000
    - ☐ $100,001-$500,000
    - ☐ $500,001-$1 million
    - ☑ $1,000,001-$10 million
    - ☐ $10,000,001-$50 million
    - ☐ $50,000,001-$100 million
    - ☐ $100,000,001-$500 million
    - ☐ $500,000,001-$1 billion
    - ☐ $1,000,000,001-$10 billion
    - ☐ $10,000,000,001-$50 billion
    - ☐ More than $50 billion

16. **Estimated liabilities**
    - ☐ $0-$50,000
    - ☐ $50,001-$100,000
    - ☐ $100,001-$500,000
    - ☐ $500,001-$1 million
    - ☐ $1,000,001-$10 million
    - ☑ $10,000,001-$50 million
    - ☐ $50,000,001-$100 million
    - ☐ $100,000,001-$500 million
    - ☐ $500,000,001-$1 billion
    - ☐ $1,000,000,001-$10 billion
    - ☐ $10,000,000,001-$50 billion
    - ☐ More than $50 billion

## Part X:   Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

    The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

    I have been authorized to file this petition on behalf of the debtor.

    I have examined the information in this petition and have a reasonable belief that the information is true and correct.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on __3-3-16__
                 MM / DD / YYYY

    X __/s/ Clyde E. Sneed__                                __Clyde E. Sneed__
       Signature of authorized representative of debtor     Printed name

    Title __President__

18. **Signature of attorney**

    X __/s/ Eric M. Van Horn__                              Date __3/3/16__
       Signature of Attorney for Debtor                          MM / DD / YYYY

    __Eric M. Van Horn__
    Printed name

    __McCathern, PLLC__
    Firm Name

    __3710 Rawlins, Ste. 1600__
    Number      Street

    __Dallas__                                    __TX__         __75219__
    City                                          State          ZIP Code

    Contact phone __(214) 741-2662__              Email address __ericvanhorn@mccathernlaw.com__

    __24051465__                                  __TX__
    Bar number                                    State

## RESOLUTIONS ADOPTED BY THE BOARD OF DIRECTORS OF SNEED SHIPBUILDING, INC.

March 2, 2016

At a special meeting of the Board of Directors (the "Board") of Sneed Shipbuilding, Inc., a Texas corporation, (the "Company") held on March 2, 2016, the Board, after review and deliberation, consented to and adopted in all respects the following resolutions (the "Resolutions").

RESOLVED that the Company be, and it hereby is, authorized to file with the United States Bankruptcy Court (the "Bankruptcy Court") a voluntary petition pursuant to Chapter 7 or Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and to perform any and all acts as the Board of the Company deems to be reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing;

FURTHER RESOLVED, that the Board be, and each member of the Board hereby is, authorized and empowered to execute and deliver and file or cause to be filed with the Bankruptcy Court, on behalf of the Company, a voluntary petition of the Company pursuant to Chapter 7 or 11 of the Bankruptcy Code, and any and all other documents necessary or appropriate in connection therewith, each in such form or forms as the Board may approve;

FURTHER RESOLVED, that any individual member of the Board hereby is, authorized and empowered to execute and deliver and file or cause to be filed any document necessary to commence a case in the Bankruptcy Court under the Bankruptcy Code, and any and all other documents necessary or appropriate in connection therewith;

FURTHER RESOLVED, that in the case of a disagreement among the Board regarding when or how to file a voluntary petition pursuant to Chapter 7 or Chapter 11 of the Bankruptcy Code, a representative of BlackBriar Advisors, LLC ("BlackBriar"), designated by BlackBriar, shall provide the tiebreaking vote;

FURTHER RESOLVED, that upon the filing of a voluntary petition pursuant to the Bankruptcy Code, the Company, as a debtor and debtor-in possession (the "Debtor") be, and hereby is, authorized and directed to employ BlackBriar to assist with the financial management of the Company in any such bankruptcy case, and designate Robert Schleizer as Chief Restructuring Officer ("CRO") upon the terms and condition that are the same or substantially similar to the below:

- The CRO shall be given dominion and control over the Debtor's estate and shall take all necessary steps to secure the Debtor's premises, books, records, and computer systems and to prevent access to them except as he deems desirable in his sole and absolute discretion.

- The CRO shall have sole authority over the Debtor's chapter 7 or 11 case, including,

- without limitation, sole management and oversight of development of a Disclosure Statement and Plan of Reorganization. Notwithstanding the foregoing sentence, the CRO shall not have sole authority with respect to any decision relating the sale of the Debtor's assets.

- The CRO shall be responsible for all of the Debtor's administrative functions to be performed by or on behalf of the Debtor's estate including managing the professionals who are assisting the Debtor in the reorganization process or who are working for the Debtor's various stakeholders to improve coordination of their effort and individual work product to be consistent with the Debtor's overall restructuring goals.

- Clyde E. Sneed, Mitchell S. Jones, the CRO, or his designee, shall be the sole and exclusive signatories on any debtor-in-possession bank account (the "DIP Account") and shall each have authority to sign checks, and make online payments or wire transfers on the Debtor's behalf.

- The CRO shall be authorized to make, direct others to make, or authorize others to make, all of the Debtor's disbursements, payments or other transfers of assets by the Debtor, to incur indebtedness on the Debtor's behalf, and to execute contracts on the Debtor's behalf, all consistent with the applicable sections of the Bankruptcy Code.

- Without limiting the authority otherwise granted herein to the CRO, the CRO will provide regular updates to and consult with the Debtor's Board regarding the Debtor's operations.

- The CRO will provide advance notice to the Debtor's Board of any decision the CRO deems material that he intends to make regarding the Debtor or its bankruptcy case, provided that the CRO shall not be required to obtain any approval from the Board for such decision. The Board, or any of its members, shall have the right to file an expedited motion with the Bankruptcy Court to ask the Bankruptcy Court to determine whether such decision by the CRO is in the best interests of the Debtor's bankruptcy estate.

FURTHER RESOLVED, that in addition to the terms and conditions listed above, BlackBriar will provide the following services:

- Assisting the Debtor in its assessment of cash management and cash flow forecasting processes, including the monitoring of actual cash flow versus projections;

- Assisting the Debtor in its analysis of its liability outlook, debt service capacity and appropriate capital structure;

- Assisting the Debtor in (i) identifying various operational, managerial, financial and strategic restructuring alternatives, especially as they relate to the sale of assets in a bankruptcy court proceeding, and (ii) understanding the business and financial impact of same;

- Assisting the Debtor in connection with its communications and negotiations with other parties, including its landlord, secured lenders, significant vendors, etc.;

- Subject to the limitations set forth in any engagement letter, assisting the Debtor with its preparation of various financial reports which may be required during discussions with the Debtor's Board, lenders, and stakeholders;

- Advising and assisting the Debtor in its development of budgets and cash collateral, debtor in possession financing, and other purposes;

- Advising and assisting Debtor's management with the preparation and review of monthly operating reports;

- Assisting the Debtor's bankruptcy counsel in gathering information, preparing exhibits and providing testimony at hearings on various motions for relief;

- Assisting the Debtor with its preparation of the required schedules of assets and liabilities, and the statement of financial affairs;

- Advising and assisting the Debtor's management team concerning various other financial / business disclosures and reporting requirements pertaining to the Chapter 11 proceedings;

- Serve as a resource for Debtor's Board as they interact with various creditors;

- Upon conclusion of a sale or restructuring process, advising and assisting management to analyze claims and potential objections to claims and avoidance actions (*e.g.*, preference and fraudulent transfer actions) based on the proposed exit strategy;

- Providing advice and recommendations with respect to other related matters as the Debtor or its professionals may request from time to time, as agreed to by BlackBriar; and

- Providing such other financial advisory services as may be agreed by BlackBriar and the Debtor.

FURTHER RESOLVED, that the Board be, and each of them hereby is, authorized and empowered to retain, on behalf of the Company, the law firm of MCCATHERN, PLLC to act as counsel in the representation of the Company as debtor and debtor-in-possession, and such other officers, attorneys, financial advisors, consultants, expert witnesses, professionals and accountants, including BlackBriar (collectively, the "Professionals") as the Board or CRO so acting shall deem necessary or appropriate;

FURTHER RESOLVED, that the Company, prior to filing any voluntary petition under Chapter 7 or 11 of the Bankruptcy Code, or as debtor and debtor in possession after filing a voluntary petition under Chapter 7 or 11 of the Bankruptcy Code, be and hereby is authorized to borrow funds and to grant security interests in and liens upon some, all or substantially all of the Company's assets;

FURTHER RESOLVED, that, in the case of a disagreement among the Board prior to the filing of any voluntary petition under Chapter 7 or 11 of the Bankruptcy Code regarding the borrowing of funds and granting of security interests in and liens upon some, all, or substantially all of the Company's assets, a representative of BlackBriar, as designated by BlackBriar, shall provide the tiebreaking vote;

FURTHER RESOLVED, that the Board be, and each of them hereby is, authorized and empowered to execute and deliver for and on behalf of the Company prior to filing any voluntary petition under the Bankruptcy Code, or as debtor and debtor in possession after filing a voluntary petition under Chapter 7 or 11 of the Bankruptcy Code, such promissory notes, loan agreements, security agreements, and any and all other agreements, instruments, and documents as may be necessary or appropriate to facilitate the transactions contemplated by the foregoing resolution (the "Financing Documents") and that the Financing Documents contain such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by such Board, or, if applicable, the CRO so acting are hereby approved;

FURTHER RESOLVED, that, in the case of a disagreement among the Board prior to the filing of any voluntary petition under Chapter 7 or 11 of the Bankruptcy Code regarding the Financing Documents, a representative of BlackBriar, as designated by BlackBriar, shall provide the tiebreaking vote;

FURTHER RESOLVED, that the Company, prior to filing any voluntary petition under Chapter 7 or 11 of the Bankruptcy Code, or as debtor and debtor in possession after filing a voluntary petition under Chapter 7 or 11 of the Bankruptcy Code be, and hereby is, authorized to sell some, all, or substantially all of the Company's assets;

FURTHER RESOLVED, that, in the case of a disagreement among the Board prior to the filing of any voluntary petition under the Bankruptcy Code regarding the sale of some, all, or substantially all of the Company's assets, a representative of BlackBriar, as designated by BlackBriar, shall provide the tiebreaking vote

FURTHER RESOLVED, that the Board be, and each of them hereby is, authorized and empowered to execute and deliver for and on behalf of the Company prior to filing any voluntary petition under the Bankruptcy Code, or as debtor and debtor in possession after filing a voluntary petition under the Bankruptcy Code, such documents, agreements, notes, consents, certificates, amendments, assignments, and instruments in connection with or related to a sale of some, all, or substantially all of the assets of the Company (the "Sale Documents") and that the Sale Documents contain such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by such Board, or, if applicable, the

CRO so acting are hereby approved;

FURTHER RESOLVED, that, in the case of a disagreement among the Board prior to the filing of any voluntary petition under Chapter 7 or 11 of the Bankruptcy Code regarding the Sale Documents, a representative of BlackBriar, as designated by BlackBriar, shall provide the tiebreaking vote;

FURTHER RESOLVED, that the members of the Board waived the formal requirements for the convocation of a special meeting of the Board and consented to the Special Meeting as convened;

FURTHER RESOLVED, that all actions heretofore taken by the Board, in the name and on behalf of the Company, in connection with any of the foregoing matters are hereby in all respects ratified, confirmed, and approved; and

FURTHER RESOLVED, Clyde E. Sneed or Mitchell S. Jones and/or their assignees, agents, or successors shall be empowered to perform any acts authorized pursuant thereto on behalf of the Company.

IN WITNESS WHEREOF, the Board of the Company did hereby execute these Resolutions as of the 2nd day of March 2016.

By: _____
Clyde E. Sneed, President and Co-member of the
Board of Trustees for Sneed Shipbuilding, Inc.

By: _____
Mitchell S. Jones, Vice President and Co-member
of the Board of Trustees for Sneed Shipbuilding, Inc.